# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

ELLIOTT COLLINS, JR.,

    Plaintiff,

v.                                               CAUSE NO.: 1:19-CV-48-TLS-SLC

TANNER LOCK, et al.,

    Defendants.

## OPINION AND ORDER

Elliott Collins, Jr., a prisoner without a lawyer, filed a complaint against Officer Tanner Lock and Officer Jerry Weber of the Noble County Sheriff's Department. Collins alleges that the Defendants falsified a police report in order to arrest him. Collins seeks both monetary damages and his immediate release from incarceration. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

To the extent that Collins is seeking release from jail, he cannot seek that remedy in a civil rights action. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Glaus v. Anderson,* 408 F.3d 382 (7th Cir.2005) (explaining the difference between civil rights and habeas remedies).

To the extent that Collins is seeking monetary damages, his claim is barred because it was already adjudicated on the merits in a prior state court proceeding. Collins indicates that he has sued for this exact same event in a prior state court proceeding, and he has attached an order of dismissal to his complaint showing that Noble Circuit Court Judge Michael J. Kramer dismissed the case for failure to state a claim upon which relief can be granted. *See Collins v. Lock*, 57C01-1902-CT-000003 (filed February 1, 2019). Collins did not appeal.

"A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction. . . cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal citation and quotation marks omitted). These companion doctrines "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). In Indiana, for res judicata, or claim preclusion to apply, the question is whether the following four factors have been met: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies." *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 750 (Ind. Ct. App. 2010). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Barr v. Bd. of Trustees of W. Illinois Univ.*, 796 F.3d 837, 839 (7th Cir. 2015) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Here, a court of competent jurisdiction, the Noble Circuit Court, decided

Collins's case on the merits. Both the defendants named in this case were named in the state court case, and all current claims against them were or could have been determined in that prior action. Accordingly, these claims are now barred by res judicata.

Re-filing an unsuccessful claim against the same defendant is malicious. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (it is malicious for a plaintiff with in forma pauperis status to file a lawsuit that duplicates allegations of another lawsuit brought by the same plaintiff) and *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (suit is "malicious" for purposes of Section 1915A if it is intended to harass the defendant or is otherwise abusive of the judicial process).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the bar of res judicata.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED on April 29, 2019

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT